# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DWIGHT HURD,

        Plaintiff,

v.                                                            CIVIL ACTION NO. 2:19-cv-00760

DR. CHARLES LYE, et al.,

        Defendants.

## SCHEDULING ORDER

The Court has reviewed the Report of the Parties' Planning Meeting [ECF No. 11] filed pursuant to Federal Rule of Civil Procedure 26(f). It is **ORDERED** that the scheduling conference previously scheduled for January 13, 2020 be cancelled. Pursuant to Rule 16(b) and Local Rule of Civil Procedure 16.1(e), it is further **ORDERED** that this case shall proceed as follows:

| | |
|---|---|
| Amendment of pleadings and joinder of parties | 2/12/2020 |
| Deadline for written discovery requests. | 6/19/2020 |
| Expert disclosure by party with burden of proof. | 6/4/2020 |
| Expert disclosure by opposing party. | 7/6/2020 |
| Expert disclosure for rebuttal purposes. | 7/20/2020 |
| Deposition deadline and close of discovery. | 8/3/2020 |
| Filing of dispositive motions. | 8/24/2020 |
| Responses to dispositive motions. | 9/7/2020 |
| Reply to response to dispositive motion | 9/14/2020 |
| Hearing on motions for summary judgment | **10/15/2020 10:00 AM** |
| Settlement meeting and mediation deadline. | 10/26/2020 |
| Filing of motions in limine. | 11/2/2020 |
| Responses to motions in limine. | 11/9/2020 |

| | |
|---|---|
| Plaintiff draft of pretrial order to defendant. | 10/28/2020 |
| Integrated pretrial order filed by defendant. | 11/4/2020 |
| Pretrial conference. | **11/16/2020   10:00 AM** |
| Proposed jury instructions filed. | 12/7/2020 |
| Final settlement conference. | **12/14/2020    9:00 AM** |
| Trial | **12/15/2020    8:30 AM** |

The amendment of any pleading and the joinder of any party is subject to Rule 15 and 16, and the accompanying rules governing the joinder of parties.

The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1), and (2), but not disclosures required by Federal Rule of Civil Procedure 26(a)(3), shall be completed. Pursuant to Local Rule 26.1(c), the court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

Regarding the settlement meeting, the parties and their lead trial counsel, if any, shall meet and conduct negotiations looking toward the settlement of the action, and counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so. Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations.  If the action is not settled during the settlement meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session.

The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule 16.7(b).

At both the pretrial and final settlement conferences, lead trial counsel shall appear fully

prepared to discuss all aspects of the case. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

Regarding the proposed charge to the jury, counsel shall submit numbered instructions in charge form on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, along with a proposed verdict form.

Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required herein, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required herein, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Rule 16(f).

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: December 19, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE