

28 F.3d 1210
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without
Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.
United States Court of Appeals, Fourth Circuit.

Ansaari SHAKKA, a/k/a Joseph Carter, Plaintiff–Appellant,

v.

Sewall SMITH, Warden; Theodore Purnell, Major; Stegried Presbury,
Lieutenant; Wayne Tanner, Correctional Officer; Sergeant Bonds; Bernadette
Morgan, Lieutenant; Lieutenant Aulu; Sergeant Louis, Defendants–Appellees.

No. 93–7279.
|
Submitted June 7, 1994.
|
Decided July 5, 1994.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CA–92–1424)

**Attorneys and Law Firms**

Ansaari Shakka, pro se.

Philip Seth Kushner, Arnold & Porter, Washington, D.C., John Joseph Curran, Jr., Atty. Gen., Amy Kushner Kline, Office of the Attorney General of Maryland, Baltimore, MD, for appellees.

**Synopsis**
D.Md.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Before MURNAGHAN, HAMILTON and WILLIAMS, JJ.

OPINION

**\*1** PER CURIAM

Ansaari Shakka is currently serving a life sentence plus twenty or more years for first degree murder, a handgun violation, robbery, resisting arrest, escape and violation of probation. Shakka filed this action against Warden Sewall Smith, Maj. Theodore Purnell, Lt. Stegried Presbury, Correctional Officer Wayne Tanner, Sgt. Bonds, Lt. Bernadette Morgan, Lt. Maarfu Aulu, and Sgt. William Louis. Shakka claims that he was unable to walk and the Defendants' failure to assist him violated his constitutional rights.[1] We affirm in part, vacate in part, and remand for further proceedings.

Because of his assaultive and violent behavior, Shakka was transferred to the Maryland Correctional Adjustment Center (MCAC) in January 1991. Following his transfer, he began to complain that he was unable to walk.[2] Prison officials sent him to the Maryland Penitentiary Hospital in February 1992 for evaluation. The medical evaluation did not reveal a physiological basis for Shakka's immobility.[3]

Shakka was transferred back to MCAC from the Maryland Penitentiary Hospital on April 27, 1992, in a wheelchair. Shortly thereafter, Presbury ordered Tanner to remove the wheelchair from Shakka's cell.[4] Shakka was returned to the Maryland Penitentiary Hospital on May 18, 1992.

Shakka filed this 42 U.S.C. § 1983 (1988) action on May 20, 1992, alleging that the conditions of his confinement at MCAC violated his First, Eighth, and Fourteenth Amendment rights. His complaint specifically alleges that: (1) Presbury ordered the removal of Shakka's wheelchair so that he would be forced "to [get] up and wal[k];" (2) Bonds was aware that he had thrown up and he would not get Shakka medical assistance or Shakka's prescribed medicine; (3) Aulu ordered correction officers to place food out of his reach to force him to "get up and walk;" (4) Louis was aware that Shakka had awakened after losing control of his bowels, and Louis refused to assist to him to the showers so that he could clean himself; (5) Aulu denied him access to the courts when he would not: (a) allow Shakka to be carried into the visitor area so that he could confer with a representative from the Prisoner Assistance Project and sign legal documents; and (b) deliver legal documents to Shakka for his signature. Shakka sought injunctive relief[5] as well as damages.

The magistrate judge recommended that summary judgment be granted with respect to all claims against Smith, Purnell, Presbury, Tanner, Aulu, Morgan, and Louis, and that the complaint against Bonds be dismissed. The district court adopted the magistrate judge's recommendation. Shakka appeals.

Summary judgment is properly granted when there are no issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248–49 (1986); *Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *see Atkinson v. Bass,* 579 F.2d 865 (4th Cir.), *cert. denied,* 439 U.S. 1003 (1978); Fed.R.Civ.P. 56(c).

 **\*2** "[T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem)." *Cole v. Cole,* 633 F.2d 1083, 1092 (4th Cir.1980); *see Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985); *Scott v. Greenville County,* 716 F.2d 1409, 1411 (4th Cir.1983). Summary judgment may be granted only when nonmovant's evidence fails to put material fact in dispute or is not significantly probative. *Gray v. Spillman,* 925 F.2d 90 (4th Cir.1991). Thus, when resolution of issues of fact depends on credibility determinations, summary judgment is not appropriate. *Id.; Davis v. Zahradnick,* 600 F.2d 458 (4th Cir.1979).

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97 (1976). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Miltier v. Beorn,* 896 F.2d 848 (4th Cir.1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or that would be apparent to a reasonable person in his position. *Id.*

Shakka contends that he has been unable to walk since the latter part of 1991. The Defendants, however, challenge Shakka's claim of paralysis. They claim that Shakka is pretending to be unable to walk so that he will be transferred to a lower security prison. The Defendants admit they did not allow Shakka to retain the wheelchair in which he returned from the hospital in April 1992. The district court found that even if Shakka was suffering from a serious medical condition, the Defendants were not deliberately indifferent to Shakka's medical condition because he received medical examinations in an attempt to diagnose his condition and there was no medical or institutional order authorizing Shakka to possess a wheelchair. We find that the district court did not make an adequate factual inquiry under *Estelle,* 429 U.S. at 104–05 (explaining that to state an Eighth Amendment violation

a plaintiff must demonstrate that: (1) the medical need was "serious;" and (2) prison officials were deliberately indifferent to that medical need).

The district court did not fully consider whether Shakka's need for a wheelchair was "serious." Although medical examinations did not reveal a physical basis for Shakka's inability to walk, Dr. Farrokh Amohdjerin, M.D., stated that Shakka's inability to walk "may be rooted in a psychiatric condition." The district court only emphasized the lack of a physical basis for Shakka's claim of immobility. The court did not consider the possibility of psychological cause. Even if Shakka's inability to walk and need for a wheelchair were only psychological and not physiologically based, it could constitute a "serious" medical need. *See Wood v. Sunn,* 865 F.2d 982, 988–89 (9th Cir.1988) (finding that psychologically caused pain is a serious medical need); *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754 (3d Cir.1979) (finding that failure to provide necessary psychological treatment to inmates with serious mental or emotional disturbances states a claim of deliberate indifference); *Bowring v. Godwin,* 551 F.2d 44, 47 (4th Cir.1977) (stating that the law recognizes no distinction between physical and psychological medical services).

**\*3** If Shakka's condition constituted a serious medical need, whether physically or psychologically based, the Defendants' failure to provide him with a wheelchair by initiating an institutional order amounted to deliberate indifference to a serious medical need. *See Cummings v. Roberts,* 628 F.2d 1065 (8th Cir.1980) (finding that denial of access to wheelchair for three days stated a case of cruel and unusual punishment). The Defendants were aware that Shakka claimed an inability to walk and that his problem may have been psychological, and they were in a position to act meaningfully to address his needs. Therefore, a genuine issue of material fact does exist and a rational trier of fact could find for Shakka. *Anderson,* 477 U.S. at 248–49. Because summary judgment was inappropriate on this issue, we vacate the district court's order and remand for a determination of whether Shakka's inability to walk was a serious medical need. The resolution of this issue also affects the following claims.

Shakka claims that on one occasion Bonds was aware that he vomited, and Bonds would not get him medical assistance or his prescribed medication. The record reveals that Bonds was never formally served with a summons and complaint. The United States Marshal's Notice of Service was returned with a letter from the Maryland Penitentiary Hospital stating that there was no employee by that name. The district court dismissed the Complaint against Bonds. Because Bonds was not formally served, we affirm the dismissal of the Complaint against Bonds. However, we modify that dismissal to a dismissal without prejudice. Fed.R.Civ.P. 4(m).

Shakka claims that on one occasion Louis was aware that Shakka had awakened after he had lost control of his bowels and Louis refused to assist him to the showers.[6] To state an Eighth Amendment claim based on living conditions, petitioner must show an objectively serious deprivation in the sense that it violates contemporary notions of decency. *Rhodes v. Chapman,* 452 U.S. 337 (1981). In addition, prison officials must act with deliberate indifference to the deprivation. *Wilson v. Seiter,* 501 U.S. 294, 303 (1991). If Shakka was unable to walk, then Louis's refusal to assist him may have been a serious deprivation in the sense that it violated contemporary notions of decency, and Louis may have acted with deliberate indifference to that need. Therefore, we also vacate the district court's order as to this issue.

Shakka claims that Aulu ordered prison officials to place his meals outside his reach. Failure to provide three wholesome and nutritious meals per day is an allegation sufficient to state a cognizable Eighth Amendment claim, *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.), *cert. denied,* 439 U.S. 837 (1978), if the deprivation is serious and the defendant is deliberately indifferent to the need. *Seiter,* 501 U.S. at 303–05. If Shakka was unable to walk, and thus, unable to reach his meals, then the Defendants may have deprived him of adequate nutrition. Therefore, we also vacate as to this issue.

**\*4** In addition, Shakka claims that Aulu denied him access to the courts because Aulu: (a) would not allow Shakka to be carried into the visitor area so that he could confer with a representative from the Prisoner Assistance Project and sign legal documents; and (b) deliver legal documents to Shakka for his signature. States must affirmatively provide prisoners with either law libraries or persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith,* 430 U.S. 817 (1977); *Carter v. Mandel,* 573 F.2d 172 (4th Cir.1978). To state a claim of denial of access to the courts, however, a petitioner must demonstrate prejudice from the denial. *Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993); *White v. White,* 886

F.2d 721, 724 (4th Cir.1989). Shakka failed to demonstrate prejudice. He did not allege that he missed any deadlines as a result of Aulu's actions. In addition, the legal papers that were brought to him by the Prisoner Assistance Project could have been mailed to him. Thus, the district court properly granted summary judgment with respect to this claim. Therefore, we affirm the district court's grant of summary judgment with respect to this claim against Aulu.

Shakka's request for injunctive relief is moot. According to the Defendants, Shakka was transferred to the Maryland Penitentiary Hospital on May 18, 1992, where he was given a wheelchair. Thus, Shakka has access to his personal property and legal services. Likewise, he has access to medical care in the hospital. Therefore, we affirm the district court's grant of summary judgment with respect to Shakka's request for injunctive relief. *See Magee v. Waters,* 810 F.2d 451, 452 (4th Cir.1987) (finding that transfer of prisoner moots his request for injunctive relief against conditions of confinement in facility from which he was transferred); *Taylor v. Rogers,* 781 F.2d 1047, 1051 (4th Cir.1986).

Although Shakka named Morgan as a Defendant in his complaint, he made no reference to her anywhere in his pleadings. He did not specify what actions, if any, she took in violation of his rights or offer a possible theory of liability. There is no basis for including this Defendant in the suit. Therefore, we affirm the district court's grant of summary judgment with respect to Morgan. *Cf. Monell v. Department of Social Servs.,* 436 U.S. 658, 694 (1978) (finding the respondeat superior doctrine generally inapplicable to § 1983 suits).

Shakka contends that Smith and Purnell are liable for his injuries because they are responsible for officer training and supervision. He claims that they failed to train the officers correctly and the deficient training caused the Defendants' deliberate indifference toward him. When the need for more or different training is blatant, and the deficiency likely to result in the violation of constitutional rights, administrators responsible for training can be said to have been deliberately indifferent to the needs. *Mitchell v. Aluisi,* 872 F.2d 577 (4th Cir.1989). If Shakka's condition is found to constitute a serious medical need and the Defendants were indifferent to that need, Shakka may be able to demonstrate a causal connection between the alleged deficient training and the constitutional violation, in which case the claims against Smith and Presbury would have merit. Therefore, we also vacate as to this issue.

 **\*5**  In sum, we affirm the district court's denial of injunctive relief, its grant of summary judgment for Aulu on the denial of access to legal assistance claim, and the judgment in favor of Morgan. We affirm as modified the dismissal of the Complaint against Bonds. We vacate the district court's order and remand the case on the remaining issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

[1]   Along with his complaint, Shakka submitted a "Memorandum in Support of Leave to Proceed Without Further Exhaustion of Administrative Remedies." The motion claimed that his conditions of confinement required immediate attention and if he was not granted emergency injunctive relief and excused from exhausting his administrative remedies, he would suffer irreparable harm. The district court granted the motion to excuse exhaustion and ordered Defendants to show cause to deny emergency injunctive relief. Defendants responded that Shakka has been provided a wheelchair and has not been denied food or medical care. The affidavit of the doctor who treated Shakka from 1991 to 1992 stated that no orthopedic or neurological basis for his inability to walk had been discovered. According to the doctor, "Mr. Shakka's condition is functional at best and not organic in nature. This means that Mr. Shakka's alleged inability to walk is not posed on any medical disability. It may be rooted in a psychiatric condition or is simply manipulative behavior." The district court denied Shakka's request for emergency injunctive relief.

[2]   According to Shakka, his inability to walk began in October 1991.

[3]   Shakka states that medical records prove that he suffers from paraparesis of the lower extremities.

[4]   MCAC prohibits the possession of a wheelchair without orders. The regulation is strictly administered because wheelchair parts can be made into weapons.

5      The injunctive relief Shakka requested was: (1) a wheelchair; (2) meals placed within his reach; (3) medical care; (4) access to his property; and (5) access to legal assistance.

6      The magistrate judge's report found that this single event did not rise to the level of a constitutional violation, and Shakka did not allege that he suffered physical or emotional deterioration as a result of this incident. However, when combined with the other instances of deliberate indifference to Shakka's alleged inability to walk, this claim might be a violation of his Eighth Amendment rights under a totality of the circumstances theory. *See Williams v. Griffin,* 919 F.2d 820, 824 (4th Cir.1991).

**All Citations**

28 F.3d 1210 (Table), 1994 WL 319217

---

**End of Document**                                                                      © 2021 Thomson Reuters. No claim to original U.S. Government Works.